IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT H.**[1], <br>             Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>             Defendant. | Case No. 3:20-cv-419-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, KERR ROBICHAUX & CARROLL, P.O. Box 14490, Portland, Oregon 97293. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie. Civil Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Robert H. (Plaintiff) brings this action pursuant § 205(g) of the Social Security Act (the

Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of Social Security (the Commissioner) denying Plaintiff's claim for supplemental security income and disability insurance benefits. The Commissioner concedes error and remand, but the parties disagree over whether further proceedings are necessary. The Court reverses the ALJ's decision, and remands for calculation of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff applied for disability insurance benefits and supplemental security income on December 21, 2017. Plaintiff alleged a disability onset date of December 1, 2017. Plaintiff was born on November 2, 1971, making him 46 at the date of alleged disability onset. Plaintiff's application was denied at the initial and reconsideration levels. Plaintiff requested review, and an administrative hearing was held before Administrative Law Judge (ALJ) Elizabeth Watson on May 24, 2019. The ALJ denied Plaintiff's application on September 26, 2019. Plaintiff petitioned the Appeals Council, which declined review on January 8, 2020, making the ALJ's decision the final decision of the Commissioner.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

As a preliminary matter, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through December 31, 2022. AR 19. At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since December 1, 2017. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: PTSD, major depressive disorder, schizoaffective disorder, anxiety disorder, left hip osteoarthritis, status post left [hip] arthroplasty, cervical spine degenerative disc disease, and vascular necrosis. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically exceeds the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 20. As an interim step, the ALJ found that Plaintiff had the RFC to carry out light work as defined in 20 CFR 404.1567(b) and 416.967(b), and that he is restricted to: understanding and carrying out simple instructions in a work environment with few changes; limited to no contact with the general public; and no more than occasional contact with coworkers and supervisors. AR 21. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs existing in significant

numbers in the national economy that Plaintiff can perform. These included: "hand packager, light, SVP of 2, 104,000 jobs nationally; production assembler, light, SVP of 2,223,000 jobs nationally; or laundry sorter, light, SVP of 2, 84,000 jobs nationally (Dictionary of Occupational Titles, U.S. Dep't of Labor, code 559.687-074; 706.687-010; 361.687-014)." AR 26. The ALJ ultimately found that Plaintiff had not been disabled under the Act from December 1, 2017 through the date of the decision.

## DISCUSSION

Plaintiff objects to several aspects of the ALJ's decision. Plaintiff argues that the ALJ erred by:

- not incorporating a limitation in the medical source opinion of Helen Zwiebel, LCSW (Zwiebel) that Plaintiff would be absent from work for at least 16 hours per month and not providing any reason for discounting this opinion by Zwiebel;
- not giving specific, legitimate reasons for rejecting the medical source opinion of Tom Dooley, Ph.D.;
- not giving clear and convincing reasons to reject Plaintiff's testimony; and
- failing to discuss or reject the lay witness statement of Catherine H.

The Commissioner concedes that the ALJ should have accounted for and discussed all of the limitations identified by Zwiebel and argues that remand for further proceedings is the appropriate remedy. The Commissioner does not address Plaintiff's other objections. Plaintiff argues that this Court should remand for the calculation and payment of benefits. Because the Court agrees with Plaintiff that based on the conceded error a remand for benefits is appropriate, the Court declines to reach Plaintiff's other allegations of error.

Zweibel was Plaintiff's treating mental health medical professional and provided a medical source statement with her opinion on Plaintiff's limitations and abilities. Zwiebel expressed, among other views, her opinion that plaintiff would be absent from a job for at least 16 hours (two eight-hour workdays) per month. The ALJ stated that Zwiebel's opinion was "persuasive" because of the treating relationship with Plaintiff and because "her opinion is not inconsistent with [Plaintiff's] residual functional capacity determination." AR 23. The ALJ also stated that Zwiebel's opinion is persuasive because it is "the only opinion by a treating source." AR 25. Yet, the ALJ did not include Zwiebel's findings regarding absenteeism in the RFC. The ALJ did not provide any reasons for rejecting this element of the Zwiebel opinion. Plaintiff argues that this was harmful error because the vocational expert (VE) testified in the hearing that this type of absenteeism would preclude employment. The Commissioner concedes that this was harmful error and that remand is appropriate.

The Court agrees with Plaintiff and the Commissioner that the ALJ's silent rejection of the absenteeism finding in the Zwiebel opinion is harmful error. The absenteeism finding, as the VE testified to, precludes employment. By not giving a reason for failing to credit the absenteeism finding, when that finding is determinative of Plaintiff's ability to maintain employment, the ALJ committed harmful error.

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanri*, 246 F.3d 1195, 1210 (9th Cir. 2001)(citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award

benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and may decline to remand for benefits when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The Commissioner argues that the record is not free from conflicts and thus a remand for further proceedings is appropriate. The Commissioner identifies two purported conflicts in the record—Plaintiff's childcare activities and the mental limitations opined by Drs. Friedburg and Ju. The entirety of the Commissioner's argument is:

> Here, the record is not free from conflicts. For example, Plaintiff told a consultative examiner that his daily activities included "watch[ing] his two-year-old son all day while the mother of his child is working," with no need for days off from this arrangement. Tr. 1518. Consistent with these findings, Winifred Ju, Ph.D., and Imgard Friedburg, Ph.D., found that Plaintiff's mental impairments were no more than mild and therefore did not significantly interfere with his ability to work. Tr. 71, 102. This evidence

> conflicted with Ms. Zwiebel's opinion about Plaintiff's likely
> absenteeism, and shows that issues remain outstanding and in need
> of resolution. This evidence also creates serious doubt that Plaintiff
> was, in fact, disabled.

ECF 15 at 3.

With respect to the Commissioner's first asserted conflict, the Commissioner does not explain how Plaintiff's childcare activities could conflict with a twice-monthly absenteeism from a full-time job in a way that requires further fact finding, and overstates Plaintiff's actual childcare duties. The evidence the Commissioner cites is from Dr. Dooley's psycho diagnostic exam. On the basis of this evaluation, Dr. Dooley opined that Plaintiff had *greater* social limitations than those contained in Zwiebel's opinion (e.g., "marked" limitations in Plaintiff's ability to interact with supervisors appropriately). Dr. Dooley's form did not contain information about absenteeism. Dr. Dooley also observed that Plaintiff had "high levels of anxiety and depression." AR 1514.

Plaintiff argues that the evidence shows that he cares for his son intermittently, and that these caregiving duties are not inconsistent with Zwiebel's absenteeism finding. Plaintiff testified in his function report that on a day-to-day basis he doesn't do "much *unless* I have my son over. Then I take care of his basic needs the best that I can." AR 241 (emphasis added). Because his caregiving duties are intermittent and ad hoc, Plaintiff argues that the childcare activity does not conflict with the absenteeism finding. Plaintiff also emphasizes the evidence establishing his other symptoms which could cause absenteeism, including his paranoia, hallucinations, significant anxiety, and depression.

The ALJ addressed Plaintiff's childcare activities in the context of Plaintiff's symptom testimony and found that, in the abstract, caring for a child all day "can be quite demanding both physically and emotionally," and that this activity undermined some of Plaintiff's symptom

testimony (although what testimony it undermined was not clear). But the ALJ made no finding, explicitly or implicitly, that Plaintiff's actual childcare activities were inconsistent with absenteeism from work, and no such conflict is apparent to this Court, nor is further factfinding necessary to resolve a conflict that does not exist. The Court does not agree with the Commissioner that this issue must be remanded so that the ALJ can determine if the finding that Plaintiff would miss two or more days of work a month, contained in an opinion that the ALJ deemed persuasive, is inconsistent with ad hoc childcare.

The Commissioner also argues that inconsistency and conflict is evidenced by the finding by two state agency consulting doctors that Plaintiff's mental impairments were mild. The Commissioner again does not explain the exact nature of this conflict, but implies that no-more-than-mild mental impairments are mutually exclusive with Zwiebel's opined absenteeism. The ALJ, however, made explicit findings that the opinions of those two state agency consulting physicians were not persuasive. AR 23 ("This opinion is not persuasive because Dr. Ju and Dr. Friedburg did not have the opportunity to examine the claimant, and the claimant's treatment notes as discussed above demonstrate at least some moderate limitations in mental functioning."). Thus, to the extent that the state agency consultants' findings about Plaintiff's limitations could be considered inconsistent with absenteeism, the ALJ has already made clear findings that these two state agency consultant opinions are unpersuasive. Therefore, because the ALJ has already made unchallenged findings on this issue, these opinions are not evidence in the record that create a conflict and further proceedings would add no value.

Because there is no conflict, the Court next performs the "credit as true" analysis. Crediting Zwiebel's absenteeism opinion as true, a finding of disability is necessarily directed

based on the VE's testimony. The Court also notes that the record as a whole does not create serious doubt as to whether Plaintiff is actually disabled under the meaning of the Act.[2]

This is one of the rare cases in which a remand for benefits is warranted. The ALJ gave greater weight to Plaintiff's medical provider rather than the state agency consultants, which is itself rather unusual. There is no conflict among those opinions that is relevant to the decision upon remand because the persuasiveness of each opinion is not changed by the Court's findings on this narrow issue. Looking at the record as a whole, the Court finds no ambiguities or conflicts that must be resolved or serious doubt precluding a remand for benefits.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 7th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Dr. Dooley's opinion, almost all of which the ALJ credited, supports Zwiebel's opinion and further endorses a finding of disability when absenteeism is credited. The ALJ rejected the two reviewing medical opinions, which found a lower level of impairment. Plaintiff has a documented history of depression (AR 381, 655, 1152), paranoia and anxiety (AR 516, 637, 652, 1098, 1469), hallucinations (AR 526, 652, 1098, 1508), schizoaffective disorder (AR 524), PTSD (AR 609, 655), memory impairment (AR 1152, 1518), hip pain impacting mobility and strength (AR 350, 498-505, 1244), diabetic neuropathy and peripheral angiopathy (AR 1225, 1175), hearing loss and tinnitus (AR 1140, 1229), COPD (AR 1494), sleep apnea (AR 1152, 1160, 1213), and seizures (AR 628).